# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROCKY MOUNTAIN RECYCLING, LLC, | |
| Plaintiff, | Case No.: 2:18-cv-00703-GMN-CWH |
| vs. | **ORDER** |
| SAM SHANG, *et al.*, | |
| Defendants. | |

Pending before the Court are Plaintiff Rocky Mountain Recycling, LLC's ("Plaintiff's") Motion for Temporary Restraining Order, a Writ of Execution and/or Possession for Seizure of Funds, and an Order to Show Cause, (ECF Nos. 10, 11), against Defendants Sam Shang and Harbor Green Las Vegas, LLC ("Defendants").[1]

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp.2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be

---

[1] Both of Plaintiff's filings are titled in the caption as "*ex parte*" motions, however, these Motions are not currently sealed on the docket, (*See* Mot. for TRO, ECF Nos. 10, 11). Because Plaintiff fails to provide a reason for the requested *ex parte* review, the Court finds that Plaintiff's Motions are properly unsealed.

restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

## II. **DISCUSSION**

Plaintiff seeks a temporary restraining order and preliminary injunction enjoining Defendants "from disposing, transferring, and/or hypothecating certain funds held in a [c]ertificate of [d]eposit with Wells Fargo Bank for the benefit of the Southern Nevada Health District ("SNHD") by Defendant Harbor Green Las Vegas, LLC" in the amount of $29,500. (Mot. for TRO 2:6–9, ECF No. 11); (*see* Decl. of Angelo Rosa ¶ 19, Ex. 2 to Mot. for TRO, ECF No. 11-2); (*see also* Business Time Account at 3, Ex. 5 to Decl. of Angelo Rosa, ECF No. 11-7). Plaintiff states that the parties are bound by a settlement agreement requiring "that all assets pertaining to [Defendants'] permit with the SNHD would be transferred to [Plaintiff's] possession," including the funds held with Wells Fargo Bank. (Mem. P. & A. 10:13–15, Ex. 1 to Mot. for TRO, ECF No. 11-1). Plaintiff argues that Defendants plan to dissipate these assets, that Plaintiff is entitled to pursuant to the settlement agreement, because Plaintiff's counsel was

told that Defendants intend to use the funds to pay other obligations. (Mot. for TRO 2:21–22, 3:6–7, 5:19–20, ECF No. 11); (*see* Decl. of Angelo Rosa ¶ 23, Ex. 2 to Mot. for TRO, ECF No. 11-2). Further, Plaintiff claims that the release of funds by SNHD to Defendants is "underway," and thus, there is an imminent risk the funds will be dissipated. (Mem. P. & A. 6:3–4, Ex. 1 to Mot. for TRO, ECF No. 11-1).

Even without receiving an opposition from Defendants, the Court finds that there is insufficient justification to grant Plaintiff's request. Plaintiff has provided no evidence that this money was to be paid immediately to Plaintiff as a result of the settlement agreement. Additionally, after a review of the evidence, it is unclear when Defendants will receive the funds. In the email correspondence between SNHD and Plaintiff on October 24, 2018, SNHD explains that after SNHD receives a hard copy of Plaintiff's financial assurance, SNHD can release the hold on Defendants' certificate of deposit with Wells Fargo Bank, and even then, Plaintiff will still need to work with the bank once SNHD releases the hold on the account. (Email, Ex. 7 to Decl. of Angelo Rosa, ECF No. 11-9). Based on this information provided by SNHD, it appears as though there are more steps that need to be taken before the funds will be released to Defendants. The Court therefore finds that Plaintiff's proffered evidence does not establish a risk of imminent injury.

Furthermore, Plaintiff has failed to establish that it will suffer irreparable harm if Defendants fail to meet their requirements under the settlement agreement. Typically, monetary harm alone will not support injunctive relief. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1057 (9th Cir. 2009); *see Cal. Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 852 (9th Cir. 2009) *vacated on other grounds*, 132 S. Ct. 1204 (2012) ("Economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award."); *see also Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone

does not support a finding of irreparable harm, because such injury can be remedied by a damage award."). For this reason, where, as here, a party is seeking an asset freeze, that party must carry the additional burden of showing "a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009). Plaintiff has not shown that it will be unable to recover monetary damages, and therefore, Plaintiff fails to establish immediate and irreparable injury, loss, or damage that justifies the extraordinary remedy of injunctive relief. Accordingly, Plaintiff's Motions are **DENIED**.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order, a Writ of Execution and/or Possession for Seizure of Funds, and an Order to Show Cause, (ECF Nos. 10, 11), are **DENIED**.

**DATED** this __8__ day of November, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court